# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MANUFACTURERS BANK & TRUST CO., | |
| Plaintiff, | No. 20-CV-2051-CJW-KEM |
| vs. | **ORDER** |
| LANESBORO SALES COMMISSION, INC., | |
| Defendant/Third-Party Plaintiff, | |
| vs. | |
| WADE J. HUMPHREY, | |
| Third-Party Defendant. | |

_____

## I. INTRODUCTION

This matter is before the Court on third-party defendant Wade J. Humphrey's ("Humphrey") Motion to Dismiss for Lack of Subject Matter Jurisdiction filed on September 4, 2020. (Doc. 18). On September 16, 2020, defendant and third-party plaintiff Lanesboro Sales Commission, Inc. ("Lanesboro") filed its resistance. (Doc. 19). Humphrey did not file a reply. For the following reasons, Humphrey's motion is **denied**.

## II. RELEVANT BACKGROUND

The following facts are taken from plaintiff Manufacturers Bank & Trust Company's ("MBT") Petition. (Doc. 2). In January 2012, MBT executed a security agreement with Humphrey in which MBT extended a loan to Humphrey in exchange for a security interest in Humphrey's agricultural equipment and products, including

livestock.  (*Id.*, at 1).  In April 2018, MBT and Humphrey executed a second security agreement which contained similar terms.  (*Id.*, at 2).

On two occasions in January 2019, Lanesboro sold cattle to Humphrey knowing that Humphrey planned to pay them back by reselling the cattle and giving Lanesboro part of the proceeds.  (*Id.*, at 3).  In March 2019, Humphrey sold the cattle to an unrelated purchaser and paid back Lanesboro with a portion of the proceeds.  (*Id.*, at 3–4).  MBT was not aware of the cattle sales.  (*Id.*, at 4).  In May 2019, Humphrey defaulted on the MBT loans and MBT declared the balance of the loans due.  (*Id.*, at 2–3).  After a mediation between MBT and Humphrey was held in July 2019, which reduced the balance owed on the loans, Humphrey still owes MBT $157,879.50.  (*Id.*, at 3).

On June 16, 2020, MBT filed a Petition in the Iowa District Court for Winneshiek County against Lanesboro alleging conversion of the proceeds from the cattle sales in violation of MBT's security interests.  (*Id.*, at 1, 4).  On July 10, 2020, Lanesboro removed the case to this Court based on diversity of citizenship. (Doc. 1).  On July 16, 2020, Lanesboro filed its Answer, in which it asserted a third-party complaint against Humphrey for various forms of relief should it be found liable to MBT.  (Doc. 5, at 5–8).  Humphrey is a citizen of Iowa.  (Docs. 5, at 5; 18, at 2).

### III. APPLICABLE LAW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Rule 8 does not require "detailed factual allegations."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Nevertheless, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint that relies on "naked assertion[s]" devoid of "further factual enhancement," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555, 557.

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss due to "lack of subject-matter jurisdiction." Subject-matter jurisdiction is determined from the face of the complaint. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). A defendant can either attack the complaint's asserted jurisdictional basis on its face or the factual basis underlying the court's jurisdiction. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015).

One type of federal subject matter jurisdiction is diversity of citizenship under Title 28, United States Code, Section 1332. Diversity jurisdiction "requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619–20 (8th Cir. 2010). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state in which it has its principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

If, by virtue of diversity or some other jurisdictional basis, a federal district court has original jurisdiction over a civil action, the court also has supplemental jurisdiction over claims that are so related to the claims at issue "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To be considered part of the same case or controversy, the claims "must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). The claims derive from the same common nucleus if they are such that they would ordinarily be expected to be tried together in one judicial proceeding. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (quoting *Gibbs*, 383 U.S. at 725.)

3

## IV.   DISCUSSION

In his motion to dismiss, Humphrey asserts that he is a necessary and indispensable party under Federal Rule of Civil Procedure 19(a)(1)(B)(i). (Doc. 18-1, at 2). Humphrey cites *Leick v. Schnellpressenfabrik AG Heidelberg*, 128 F.R.D. 106 (S.D. Iowa 1989) for the proposition "that if a third-party defendant is an indispensable party to a lawsuit, its citizenship must be considered in determining diversity jurisdiction." (*Id.*). Humphrey asserts he is indispensable because his absence from the lawsuit "would impair his ability to protect his interests." (*Id.*). Specifically, Humphrey asserts he has a right to argue that Lanesboro is not liable to MBT so that he can ultimately avoid a finding that he is liable to Lanesboro. (*Id.*). Humphrey then asserts that his inclusion as a defendant would destroy complete diversity because both he and MBT are citizens of Iowa. (*Id.*). Thus, Humphrey argues the action against him should be dismissed (despite asserting that he is indispensable) to preserve diversity jurisdiction or, alternatively, that the Court should dismiss the entire case. (*Id.*).

The Court will first (1) examine whether it has diversity jurisdiction over MBT's claim against Lanesboro and (2) supplemental jurisdiction over Lanesboro's claim against Humphrey before (3) considering whether Humphrey is a necessary party and, if he is, (4) whether he is indispensable.

### A.   *Diversity Jurisdiction*

In its Petition, MBT asserted that it is an Iowa corporation, without mentioning its principal place of business. (Doc. 2, at 1). Then, MBT asserted that Lanesboro is a Minnesota corporation "with its primary place of operations in . . . Iowa." (*Id.*). MBT also alleged a sufficient amount in controversy, i.e. $157,879.50. (*Id.*, at 4). In its Notice of Removal, Lanesboro stated that it is a Minnesota corporation with its principal place of business in Minnesota and that MBT is an Iowa corporation with its principal place of business in Iowa. (Doc. 1, at 2); *see also* LR 81(a)(4). In its Answer, Lanesboro

4

denied that its principal place of business is in Iowa and again asserted that it is in Minnesota. (Doc. 5, at 1, 5).

To resolve whether MBT and Lanesboro are diverse parties, the Court directed MBT and Lanesboro to submit some type of notice informing the Court of their respective states of incorporation and principal places of business. (Doc. 20). On September 28, 2020, MBT and Lanesboro filed a joint stipulation advising that MBT is an Iowa corporation with its principal place of business in Iowa and that Lanesboro is a Minnesota corporation with its principal place of business in Minnesota. (Doc. 22).

As previously stated, the Court accepts the facts as presented in MBT and Lanesboro's joint stipulation as true at this stage. (Doc. 20, at 4). Thus, MBT and Lanesboro are diverse parties. Further, there is a sufficient amount in controversy. Thus, this Court has subject-matter jurisdiction due to diversity.

### B. *Supplemental Jurisdiction*

Humphrey does not assert that Lanesboro's claim against him does not arise from the same case or controversy as MBT's claim against Lanesboro. *See* 28 U.S.C. § 1367(a). Indeed, such an argument would be frivolous in light of the facts outlined above. Humphrey does not otherwise assert that supplemental jurisdiction is improper here and no other reason is apparent.

Humphrey does, however, cite *Leick*, 128 F.R.D. 106, in support of his argument for dismissal. The jurisdictional concerns in *Leick* predate supplemental jurisdiction and have long been antiquated. *Timbrook v. Metzeler Auto. Profile Sys. Iowa*, 209 F.R.D. 154, 156 (S.D. Iowa 2002) (discussing *Leick*). "Had the supplemental jurisdiction statute been in effect at the time *Leick* was decided it would have been clear that the case could have proceeded with the" defendant's claim against the third-party defendant. *Id.* at 157. This is true even though the third-party defendant and the plaintiff were citizens of the same state. *Id.* at 156.

Indeed, the of a non-diverse third-party defendant by a defendant does not defeat supplemental jurisdiction. Third-party defendants are added under Federal Rule of Procedure 14(a). Under Title 28, United States Code, Section 1367(b), supplemental jurisdiction still exists over third-party defendants added by a defendant, as opposed to a plaintiff. Here, Humphrey was added by Lanesboro, a defendant. Thus, again, Humphrey has presented no meritorious argument why supplemental jurisdiction is improper or inadequate.

### C. Necessary

Federal Rule of Civil Procedure 19(a)(1)(B)(i) states that a person is a necessary party to a lawsuit in the following circumstance:

> (a) Persons Required to Be Joined if Feasible.
> > (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> > . . .
> > > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > > > (i) as a practical matter impair or impede the person's ability to protect the interest[.]

"[T]he mere fact the underlying litigation will affect or otherwise impact a [third]-party's interests," such as the third-party's involvement in a related contribution or indemnification claim, does not make that third-party necessary. *EEOC v. Cummins Power Generation, Inc.*, 313 F.R.D. 93, 101–02 (D. Minn. 2015). "Nor is it enough for a third party to be adversely affected by the outcome of the litigation." *Id.* (quoting *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 387 (2d Cir. 2006)). Rather, "'necessary parties under Rule 19(a) are only those parties whose ability to protect their interests would be impaired because of that party's absence from the litigation.'" *Id.* (quoting *MasterCard*, 471 F.3d at 387) (alteration and emphasis

6

omitted). Thus, a third-party's interest in litigation is not impaired or impeded due to their absence if an existing party "has the same interest in establishing the facts that [the third-party] does." *Gwartz v. Jefferson Memorial Hosp. Ass'n*, 23 F.3d 1426, 1429 (8th Cir. 1994); *see also Estate of McFarlin ex rel. Laass v. City of Storm Lake*, 277 F.R.D. 384, 391 (N.D. Iowa 2011) (same).

Humphrey argues he is a necessary party because he has an interest in contesting Lanesboro's liability to MBT to indirectly prevent his own liability to Lanesboro. Humphrey does not raise any claim to the money, the cattle, or anything else. A preemptive strike against his own liability is not a sufficient interest. *See Cummins*, 313 F.R.D. at 101–02. Humphrey has no authority to defend Lanesboro on its behalf. Moreover, MBT has the same interest as Humphrey in contesting its own liability. *See Gwartz*, 23 F.3d at 1429. Although a finding that Lanesboro is not liable to MBT is favorable to Humphrey, that does not imbue Humphrey with an interest sufficient to render him a necessary party in MBT's claim against Lanesboro.

Thus, the Court concludes Humphrey is not a necessary party to MBT's claim against Lanesboro.

### D. *Indispensable*

If a party is deemed necessary but joinder is not feasible, the court must examine whether the party is indispensable. *Fort Yates Pub. Sch. Dist. #4 v. Murphy*, 786 F.3d 662, 671 (8th Cir. 2015). In other words, a court must consider "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). In making this determination, courts should consider whether a judgment in the person's absence would be adequate, whether such a judgment might prejudice that person or the parties, the extent such prejudice can be avoided by taking other measures, and "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Id*.

7

The Court does not perceive, and Humphrey does not assert, any quality of equity or good conscience that would be served by realigning the parties to allow Humphrey to contest another party's liability. Indeed, the parties are properly aligned according to the claims; MBT is suing Lanesboro and, if Lanesboro is found liable, it has appended its related claim against Humphrey here in the interest of efficiency. Humphrey's requests are inconsistent with this efficiency. Dismissing Humphrey would require Lanesboro to file a separate action if it is found liable to MBT and dismissing the case entirely would force this matter to be refiled all over again in state court despite this Court having a proper jurisdictional basis over both claims. In short, Humphrey's argument is without merit.

Thus, even if Humphrey were a necessary party, he is not indispensable to MBT's claim against Lanesboro.

## V. CONCLUSION

For these reasons, the Court finds (1) it has diversity jurisdiction over MBT's claim against Lanesboro, (2) it has supplemental jurisdiction over Lanesboro's claim against Humphrey, (3) Humphrey is not a necessary party to MBT's claim against Lanesboro, and (4) Humphrey is not an indispensable party to MBT's claim against Lanesboro. Thus, the Court **denies** Humphrey's motion to dismiss. (Doc. 18).

**IT IS SO ORDERED** this 1st day of October, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa